UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17cv238-FDW

| | | |
|---|---|---|
| JAMIE LEE BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ERIK A. HOOKS[1], | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner Jamie Lee Brown's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's Motion to proceed in forma pauperis. (Doc. No. 2.)

Petitioner is a prisoner of the State of North Carolina. He filed the instant habeas Petition on August 28, 2017, in the United States District Court for the Eastern District of North Carolina, which transferred the action to this Court, where venue is proper.

Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave to proceed without prepayment of fees and costs. Rule 3(2) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a habeas prisoner seeking in forma pauperis status file "a motion for leave to proceed in forma pauperis, the affidavit required by 28

---

[1] Petitioner did not name a respondent. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition for writ of habeas corpus name the person who has immediate custody of the petitioner as the respondent in the action. Rule 2(a), 28 U.S.C. folio § 2254; see also Rumsfeld v. Padilla, 542 U.S. 426, 434–47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, is the proper respondent in this habeas action.

1

U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Id.

Petitioner has filed a short-form "Application to Proceed in District Court without Prepaying Fees or Costs" ("IFP Motion"), but it is incomplete. (Doc. No. 2.) Moreover, he has failed to attach the required certificate from the correctional institution where he is housed, showing the amount of money in his prisoner trust account. Petitioner shall be given an opportunity to correct these deficiencies. Failure to do so will result in dismissal of his habeas action.

Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. Petitioner raises a single ground for relief – ineffective assistance of counsel. (Pet. 5 ¶ 12, Doc. No. 1.) To prove a claim of ineffective assistance of counsel, a petitioner must provide facts demonstrating both that counsel's performance was deficient and that the deficient performance prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). Here, Petitioner merely states that, "[t]he lawyer assigned to my case didn't show me ANY evidence dealing with my case. He never took any time to look into the facts and provide me any alternate option." (Pet. 5 ¶ 12(a).) While the first sentence is a statement of fact, the second is nothing more than a conclusory allegation.

Petitioner's single supporting fact is insufficient to state a claim of ineffective assistance of counsel. Petitioner shall be given an opportunity to amend his habeas petition to comply with Rule2(c) of the Rules Governing Section 2254 Cases.

Finally, the Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of

limitation for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The instant habeas petition appears to be untimely under § 2244(d)(1)(A). In his amended petition, Petitioner should explain why the one-year statute of limitations does not bar his petition, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of Court shall substitute Erik A. Hooks for "State of North Carolina" as the respondent in this action;

2. The Clerk of Court shall send Petitioner a blank application to proceed without fees or costs;

3. Petitioner shall have thirty (30) days from entrance of this Order to file a completed application and a certificate from the appropriate prison official showing the amount of money in Petitioner's prisoner trust account, or pay the $5.00 filing fee; and

4. Petitioner shall have thirty (30) days from entrance of this Order to amend his habeas petition to comply with Rule 2(c) of the Rules Governing Section 2254 Cases and to

3

explain why his petition should not be dismissed as untimely.

**SO ORDERED.**

Signed: September 1, 2017

Frank D. Whitney
Chief United States District Judge